IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **ANIMAL LEGAL DEFENSE FUND**, **IOWA CITIZENS FOR COMMUNITY IMPROVEMENT**, **BAILING OUT BENJI**, **PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.**, and **CENTER FOR FOOD SAFETY**<br>        Plaintiffs,<br><br>v.<br><br>**KIMBERLY K. REYNOLDS**, in her official capacity as Governor of Iowa, **TOM MILLER**, in his official capacity as Attorney General of Iowa, and **DREW SWANSON**, in his official capacity as Montgomery County, Iowa County Attorney,<br>        Defendants. | **Case No. 4:19-cv-124**<br><br>**Plaintiffs' Surreply to Defendants' Motion to Dismiss** |

_____

      Plaintiffs Animal Legal Defense Fund, Iowa Citizens for Community Improvement, Bailing Out Benji, People for the Ethical Treatment of Animals, and Center for Food Safety, submit this surreply on the Motion to Dismiss filed by Defendants Kimberly Reynolds, in her official capacity as Governor of Iowa, Tom Miller, in his official capacity as Attorney General of Iowa, and Drew Swanson, in his official capacity as Montgomery County, Iowa County Attorney (collectively, "the State"):

      As Plaintiffs explained in their Resistance Brief, the State over-reads *United States v. Alvarez*, 567 U.S. 709 (2012), in arguing that all lies made to gain employment with an intent to cause reputational harm to the employer are outside the scope of the First Amendment. To be sure, the Court offered an example of lies to gain "offers of employment" as a type of lie that can

1

be regulated. *Alvarez,* 567 U.S. at 723. But as Plaintiffs demonstrated, that example contemplates someone who *overstates* their qualifications for a job, defrauding the employer and resulting in an undeserved material gain to the employee as a form of unjust enrichment. Plaintiffs' Resistance Br. at 21.

In its Reply Brief, the State relies on the Idaho district court's post-remand decision denying the plaintiffs' motion for a declaratory judgment in the Idaho Ag Gag case. State's Reply Br. at 2–4 (citing *Animal Legal Def. Fund v. Wasden*, 312 F.Supp.3d 939 (D. Idaho 2018) ("*Wasden II*")). While the Idaho district court's decision is not binding on this court's independent analysis, because it is not precedential, it is also not persuasive authority in this case. Respectfully, the Idaho district court, like the State here, misreads *Animal Legal Defense Fund v. Wasden*, 878 F.3d 1184 (9th Cir. 2018) ("*Wasden I*"), as allowing prosecution for employment gained by misrepresentation, while prohibiting civil damages for the same harm. Neither First Amendment principles nor the text of the Ninth Circuit's decision in *Wasden I* support that conclusion.

In that part of its opinion, the Ninth Circuit is exclusively discussing the constitutionality of Idaho's *criminal* prohibition of gaining employment with an agricultural facility by misrepresentation. *Wasden I*, 878 F.3d at 1201-03. To inform its interpretation of the criminal provision, the Court read it *in pari materia* with the statute's restitution provision. Applying the rule that "'[w]here an unconstitutionally broad statute is readily subject to a narrowing construction that would eliminate its constitutional deficiencies,'" the Ninth Circuit then construed the employment-by-misrepresentation provision to exclude those who misrepresent themselves to gain employment but only intend to cause "reputational and publication" injuries. *Wasden I*, 878 F.3d at 1202 (quoting *Berger v. City of Seattle*, 569 F.3d 1029, 1046 (9th Cir.

2009) (en banc)). This was the "critical element" to the Ninth Circuit's ruling upholding the facial validity of that subsection. *Id*. That narrowing construction makes sense: it allows the State to punish those who gain employment intending to steal trade secrets, cause property damage, or otherwise engage in physical sabotage, while protecting misrepresentations made to expose or document wrongdoing cause only publication or reputational harms.

The Ninth Circuit's decision in *Wasden* goes out of its way to emphasize that not all investigators "hired under false pretenses" can be subject to criminal sanction under the properly narrowed employment-by-misrepresentation provision. *Wasden I*, 878 F.3d at 1202. Misrepresentations to gain employment in order to reveal issues of public concern relevant to health, safety, and criminal law enforcement without any property or trade-secret-type harm to the employer fall squarely within those types of investigations that the Ninth Circuit recognized cannot be constitutionally criminalized. The only investigations at issue in this case are those types of investigations, because Plaintiffs have specifically averred a desire to engage in cause only "reputational and publication injuries," *id*., and do not intend any direct and tangible harm such as property or structural damage.

Under the State's puzzling reading of *Wasden I*, it would be impermissible viewpoint discrimination to impose civil liability on an investigator (or the organization for whom she works) whose investigation reveals animal cruelty and leads to public outcry, boycotts, and loss of profits. Yet, as the State would have it, *criminal* liability would not only be permissible, but entirely outside of any First Amendment scrutiny. By its reading, the intent to publish truthful information on matters of public concern renders otherwise protected speech (lies to gain access) unprotected, and the First Amendment protection against a civil damages remedy is elevated above the First Amendment protection against incarceration. By this reading, misrepresentations

to gain employment become criminal if and when the speaker intends to provide information to the public revealing illegal or abusive behavior. Where the Ninth Circuit provided the "narrowing construction" to the "unconstitutionally broad statute" that sought to "eliminate its constitutional deficiencies," *Wasden I*, 878 F.3d at 1202 (quoting *Berger*, 569 F.3d at 1046), the State argues it actually exaggerated the constitutional deficiencies. The Ninth Circuit could not have intended such an internally illogical result. The text of the Ninth Circuit decision, particularly when read in light of general constitutional principles, cannot bear this reading.

The State's reading would also create additional constitutional problems. The State argues that *Wasden I* holds that employment-based investigations designed to produce unfavorable press coverage are unprotected by the First Amendment, while investigations designed to produce laudatory coverage are protected (because the latter would not have the requisite intent to harm). Again, this is quintessential viewpoint discrimination—exactly the problem the Ninth Circuit stated it was avoiding through its limiting construction. *Wasden I*, 878 F.3d at 1202. In *R.A.V. v. City of St. Paul*, the Supreme Court invalidated a state statute for the simple reason that a government may not criminalize speech "based on hostility—or favoritism—towards the underlying message expressed." 505 U.S. 377, 381-86 (1992). The State would have this Court apply a reading of the Ninth Circuit's decision that is unconstitutional under *R.A.V.* The State's position is foreclosed by well-established First Amendment doctrine.

The State's position also conflicts with *Alvarez* itself. The First Amendment protection for lies would be hollow if an intent to cause any type of harm, including an amorphous reputational harm, stripped the lie of its First Amendment protection. As the *Alvarez* dissent noted, Congress explicitly found those who tell lies about receiving military honors "damage the reputation and meaning of such decorations and medals." *Alvarez*, 567 U.S. at 743 (Alito, J.,

4

dissenting) (quoting Stolen Valor Act of 2005, § 2, 120 Stat. 3266, note following 18 U. S. C. § 704). But mere reputational harm to people who legitimately received military decorations was not enough to save the statute.

The State also argues, separate from any intent to cause harm, the new Iowa Ag-Gag law is constitutional because employment itself is a per se material gain, thus removing any First Amendment protection from the lies used to gain employment. This Court has already properly rejected that argument, *Animal Legal Def. Fund v. Reynolds*, 297 F. Supp. 3d 901, 925 (S.D. Iowa 2018) (finding Plaintiffs' gaining employment by false pretenses does not result in material gain to the speaker as contemplated by *Alvarez*), as have other courts, *see Food Lion, Inc. v. Capital Cities/ABC*, 194 F.3d 505, 514 (4th Cir. 1999) ("[The undercover investigators] were paid because they showed up for work and performed their assigned tasks as Food Lion employees.").

Finally, the State argues that this Court should not consider the purpose or value of the lie in assessing whether the First Amendment applies because *Wasden I* "rejected any attempts to weigh the social value of false statements as part of its First Amendment analysis." State's Reply Br. at 3, n.1 (citing *Wasden I*, 878 F.3d at 1195 n.9). First, this position directly conflicts with the State's argument that an intent to harm (i.e., the purpose) strips lies of their First Amendment value. Second, the State again misreads *Wasden I*. The language the State relies on comes from the portion of the decision addressing the law's access provision—which the Ninth Circuit struck down—and rejecting Idaho's argument that access by misrepresentation results in a harm. *Wasden I*, 878 F.3d at 1195 n.9. At best, the Ninth Circuit language the State relies on chides the district court for focusing *only* on lies to gain access made with a journalistic purpose and not

5

also a teenager who lies to gain a reservation at a popular restaurant (as the paragraph the footnote is appended to states). *Wasden I*, 878 F.3d at 1195.

As the State surely knows, courts routinely assess the value of speech in determining First Amendment protections. *See, e.g., Alvarez*, 567 U.S. at 733 (recognizing lies frequently "serve useful human objectives" by limiting chill to truthful discourse or by helping others realize the truth); *Smith v. Cleburne Cty. Hosp.*, 870 F.2d 1375, 1381 (8th Cir. 1989) ("speech on public issues occupies the 'highest rung of the hierarchy of First Amendment values and is entitled to special protection.'" (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983) (quoting *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 913 (1982))); *Reynolds*, 297 F. Supp. 3d at 922–23 (recognizing Plaintiffs' lies "not only cause merely nominal harm but that also facilitate core First-Amendment speech regarding issues of public import" (citing *Bernbeck v. Moore*, 126 F.3d 1114, 1116 (8th Cir. 1997)). And the State *itself* did so in the litigation challenging its initial Ag-Gag law. *See, e.g.*, Defendants' Reply Brief in Support of Summary Judgment, *Animal Legal Def. Fund v. Reynolds*, 4:17-cv-362-JEG-HCA, ECF No. 76 at 2–3 (attempting to distinguish Plaintiffs' lies from lies involving ballot measures, which the State argued were entitled to greater First Amendment protection based on their value and purpose).

The State's Motion to Dismiss should be denied.

Dated this 2nd day of August, 2019

/s/ *Matthew Strugar*
Matthew Strugar (*Pro Hac Vice*)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(323) 696-2299
matthew@matthewstrugar.com

Rita Bettis Austen, AT0011558
ACLU OF IOWA FOUNDATION, INC.

6

505 Fifth Ave., Ste. 808
Des Moines, IA 50309–2317
Telephone: 515.243.3988
Fax: 515.243.8506
Email: Rita.Bettis@aclu-ia.org

Matthew Liebman (*Pro Hac Vice*)
Kelsey Eberly (*Pro Hac Vice*)
Cristina Stella (*Pro Hac Vice*)
Animal Legal Defense Fund
525 East Cotati Avenue
Cotati, CA 94931
(707) 795-2533, ext. 1028
mliebman@aldf.org
keberly@aldf.org
cstella@aldf.org

Professor Alan Chen (*Pro Hac Vice*)
University of Denver
Sturm College of Law
2255 E. Evans Avenue Denver, CO 80208
(303) 871-66283
achen@law.du.edu

Professor Justin Marceau, (*Pro Hac Vice*)
Of Counsel, Animal Legal Defense Fund
University of Denver
Sturm College of Law
2255 E. Evans Avenue
Denver, CO 80208
(303) 871-6449
jmarceau@law.du.edu

David S. Muraskin (*Pro Hac Vice)*
Public Justice, P.C.
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 861-5245
dmuraskin@publicjustice.net

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

All participants in this case are registered CM/ECF users and will served by the CM/ECF system.

Date: August 27, 2019                         /s/ Rita Bettis Austen_____
                                              Rita Bettis Austen